UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-500-FDW-DSC

| | |
|---|---|
| JARVIS BERNARD BITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SIGIS EL OWL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 5]. Also pending is a "Miscellaneous Filing." [Doc. 5]. The Plaintiff is proceeding *in forma pauperis.* [Doc. 3].

## I. BACKGROUND

The pro se Plaintiff, who resides in Charlotte, filed this action against Sigis El Owl, a private business owner, whose address is also in Charlotte, without stating a basis for the Court's jurisdiction or identifying a clear legal claim. [Doc. 1]. On October 11, 2022, the Court dismissed the Complaint on initial review and granted the Plaintiff the opportunity to amend. [Doc. 3]. The Court noted that the Plaintiff had recently filed at least four similarly deficient actions,[1] and cautioned the Plaintiff that "**the repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit the Plaintiff's ability to file further lawsuits in this Court**." [Id. at 4]. The Amended Complaint is now before the Court for initial review.

---

[1] See Case Nos. 3:22-cv-499-FDW-DCK, 3:22-cv-500-FDW-DSC, 3:22-cv-514-MOC-DSC, 3:22-cv-521-FDW-DCK.

1

The Plaintiff again fails to identify any basis for this Court's jurisdiction. [Id. at 3-4]. He claims:

> Well back in 2019 I had a friend named Sigis El Owl who wanted help & hand from his club haze which is a Hookah Lounge he wanted to use my name and social security for equity in his Hookah Lounge, he promised me $10,000 that I didn't receive. For help with materials in his club but he didn't hold his end up.

[Id. at 4]. He seeks $10,000 in damages. [Id.].

The Plaintiff has also filed in three of his pending cases a "Miscellaneous Filing" on an § 1983 Complaint form. [Doc. 5 at 1]. In it, he names as Defendants: Sygis El Owl, Sylvester Hugg, and Curtis Peatross, for whom he provides Charlotte addresses. [Id. at 2]. He fails to state any basis for the Court's jurisdiction. [Id. at 3-4]. He claims that these individuals "used spoofing techniques and call forwarding and email zapping to take & use information from [Plaintiff] without [his] consent" during periods when he was homeless between 2019 and 2021. [Id. at 4]. As injury, he claims "Lack of spiritual energy, lack of money, lack of business information. Getomtry speaking information & gon info & potery decreased energy, lack of nutrients, a damaged car total loss. Distress, physical strength and caused homelessness longer." [Id. at 5] (errors uncorrected). He seeks the following relief: "Wanting all of my information back, my money back 2019, 2020, 2021 3 years from unemployment. And also. My vehicle total loss $10,000, a permanent non contact order also on all their family and friends." [Id.].

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams,

490 U.S. 319, 325 (1989).

A pro se complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In the Amended Complaint, the Plaintiff has, again, stated no basis for this Court's jurisdiction. As discussed in the Order on initial review of the Complaint, the parties are not diverse, the Plaintiff has not satisfied the amount in controversy requirement, and he has identified no federal question. [Doc. 3 at 3-4]. This action will, therefore, be dismissed without prejudice for lack of jurisdiction.

It appears that the Plaintiff may have filed the "Miscellaneous Filing" [Doc. 5] in three pending cases in an attempt to avoid the Court's prior warning about filing additional frivolous actions.[2] See [Doc. 3]. The "Miscellaneous Filing" will, therefore, be stricken. The Plaintiff is cautioned that all future filings must refer only to one case number. Any documents that are addressed to more than one case number or are otherwise improper or abusive will be docketed for administrative purposes only, and will be returned to the Plaintiff.

**The Plaintiff is again cautioned that the repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit the**

---

[2] It would be unavailing to have the Miscellaneous Filing opened as a new civil case, as it sets forth no basis for the Court's jurisdiction and the allegations are so outlandish and deficient that amendment would be futile.

3

**Plaintiff's ability to file further lawsuits in this Court**.

   IV.   **CONCLUSION**

   **IT IS, THEREFORE, ORDERED** that:

1) This action is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

2) The "Miscellaneous Filing" [Doc. 5] is **STRICKEN**.

3) The Clerk is instructed to close this case.

Signed: October 19, 2022

Frank D. Whitney
United States District Judge